1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

# FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  FRANCISCO LOPEZ-MARTINEZ,                    Case No.  1:05-cv-1037 TAG

10                    Plaintiffs,               ORDER DISMISSING CASE WITH
                                                PREJUDICE FOR FAILURE
11            vs.                               TO OBEY A COURT ORDER
                                                (Doc. 33)
12  CITY OF DELANO, et al.,
                                                ORDER GRANTING JUDGMENT
13                    Defendants.               TO DEFENDANTS
   _____/

14

15        On August 10, 2005, Plaintiff, through counsel, filed the complaint in this action, alleging

16  civil rights violations. (Doc. 1).  On February 17, 2006, this Court issued a Scheduling Order setting

17  deadlines  for discovery, motion dates, and settlement conference, pretrial conference, and trial dates.

18  (Doc. 23).  On January 1, 2007, this Court issued a written order granting the motion of Plaintiff's

19  counsel to withdraw from representing Plaintiff in this action.  (Doc. 27). By minute order dated

20  January 17, 2007, this Court set a Status Conference for February 22, 2007, at 10:00 a.m.. (Doc. 28).

21  Plaintiff failed to appear at the Status Conference.  At the Status Conference, the Court set a Further

22  Status Conference for March 9, 2007, at 10:00 a.m., ordered that Plaintiff appear at the Further

23  Status Conference, and warned that failure to appear would result in sanctions, including dismissal

24  of the case. (Doc. 32).  The Court issued an order on March 2, 2007, rescheduling the status

25  conference for March 26, 2007, at 9:30 a.m. and, again, warning Plaintiff that his failure to appear

26  personally could result in sanctions, including dismissal of the action.  (Doc. 33).  The March 2,

27  2007 order further scheduled a show cause hearing on March 26, 2007, at 9:30 a.m., instructing

28  Plaintiff to appear and explain why the case should not be dismissed, pursuant to Local Rule 11-110,

1

1  for his failure to comply with the Court's orders and to prosecute the action. (<u>Id.</u>). Finally, the order

2  directed the parties to submit, in writing, on or before March 22, 2007, reasons why the case should

3  not be dismissed. (<u>Id.</u>). Plaintiff did not submit a written explanation nor did he appear at the March

4  26, 2007, status conference and show cause hearing.

5    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

6  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

7  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

8  control their dockets and "in the exercise of that power, they may impose sanctions including, where

9  appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir.

10  1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

11  action, failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u>, <u>Ghazali v.</u>

12  <u>Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rules); <u>Malone v.</u>

13  <u>U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

14  orders); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

15  prosecute and to comply with local rules).

16    In determining whether to dismiss an action for failure to obey a court order, the Court must

17  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

18  court's need to manage its docket; (3) the risk of prejudice to the Defendants; (4) the public policy

19  favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.

20  <u>Henderson</u>, 779 F.2d at 1423; <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).

21    In the instant case, the Court finds that the public's interest in expeditiously resolving this

22  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third

23  factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of

24  injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air</u>

25  <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of

26  cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

27  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal

28  satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-

61 (9th Cir. 1992); <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order of

March 2, 2007, repeatedly warned Plaintiff that sanctions, including dismissal of the case, may be

imposed if the Plaintiff failed to comply with its orders.  (Doc. 33).  Thus, Plaintiff had adequate

warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY ORDERED that:

1.  This action is DISMISSED, with prejudice, for Plaintiff's failure to comply with the

Court's March 2, 2007, order; and

2.  The Clerk is DIRECTED to enter judgment against Plaintiff and for Defendants, City of

Delano, Delano Police Department, Benjamin Rutledge, and Chief Griggs, and close the case.

IT IS SO ORDERED.

Dated:   **April 17, 2007**                                        **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE